IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH D. GILBERTI PE, *A licensed Professional Engineer in the State of Florida*,<br><br>    Plaintiff,<br><br>v.<br><br>AL GORE, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)  No. 3:25-cv-00159<br>)<br>)  Judge Trauger<br>)  Magistrate Judge Holmes<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Joseph D. Gilberti, a resident of Fort Myers Beach, Florida, filed this complaint against "Al Gore" and hundreds of other named Defendants, including but not limited to George W. Bush, Melania Trump, Majorie Stoneman Douglas High School, Rockefeller Group International, Ohio State University, the United States Department of Transportation, The Washington Post, and The Pentagon. (Doc. No. 1 at PageID# 1-2).

### I. FILING FEE

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, his monthly income totals $0; his spouse's income totals $2400; he has no money in any bank accounts; his wife has $50 in a checking account; their monthly expenses total over $3325; and he does not expect any major changes to their monthly income or expenses in the next 12 months (*Id.*) Because his IFP Application reflects that he lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

1

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review his complaint pursuant to 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Brown v. Matauszak*, 415

2

F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

The complaint is very difficult to understand. It appears to be the latest in Gilberti's series of substantially similar lawsuits alleging conspiracies to steal property in Sarasota County, deprive him of the land's natural resources, and poison the nation's water supply, among other conspiracies. *See Gilberti v. Pentagon*, No. 1:21-CV-00680, 2022 WL 3447162, at *4 (E.D. Va. July 14, 2022); *Gilberti v. Centers for Disease Control*, No. 8:21- cv-954-MSS-AEP (M.D. Fla. May 12, 2021); *Gilberti v. Adrurra Group, Inc.*, No. 2:19-cv-282-FtM-38MRM (M.D. Fla. May 15, 2020); *Gilberti v. Adrurra Group, Inc.*, No. 8:19-cv-2012-T-33AAS (M.D. Fla. Dec. 2, 2019); *Gilberti v. Fed. Rsrv. Sys.*, No. 19-CV-0738 (KBJ), 2019 WL 1901293, at *2 (D.D.C. Apr. 29, 2019).

As an example, the first allegation of the complaint alleges that Plaintiff "was kidnapped timed with the . . . Majorie Stoneman Douglas funding application just 17 days prior to the . . . shooting . . . where 17 were shot and 17 were wounded in game tied to Smith-Mundt act where Hollywood in Los Angeles sells stories to Government . . . . for their Propaganda agenda to attack other nations . . . ." and that "The Smith-Mundt Modernization Act of 2012, initiated days after our World Resource find by Tampa Central command and this Florida Enterprise of Terrorist civil servants and Developers tied to huge Corporations like Walt Disney owners, Seminole Tribe Casinos, Federal Reserve Bank and corrupt Judges in land grabs and cohersion [sic] on tax base grants for their Enterprise which includes a front called 72 Partners LLC and BFSL Holdings LLC." (Doc. No. 1 at PageID# 5).

As further examples, the complaint alleges that there has been "a State and National attack by Florida leaders and CIA with the Bush family" to hide "PRIMARY WATER to TAPS of Florida for 10yrs now with a barrage of attacks . . . ." (*Id*. at PageID# 6) (capitalization and

3

spacing in original); George W. Bush "has used the Carlton Family and 72 Partners members of Notre Dame, Lee Pallardy and C1 bank/Ozark Bank Thomas Howze to pay off Judges, Clerks and Commissioners from Tampa to South Florida and up in Washintong, Georgia and abroad . . . ." (*id*. at PgaeID# 7); and "Defendants . . . teamed up against THE ENGINEER to steal a hidden underground resource which [is] more valuable tha[n] Gold, in an effort tot hide and its knowledge to find more like from THE AMERICAN PEOPLE; and keep cancer and diseases rising in the region from Water supply being treated from polluted rivers and corporate dumping at the Taps" (*id*. at PageID#12-13) (capitalization in original).

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2). The allegations set forth in the complaint are frivolous and/or delusional. *See Gilberti v. CIA,* No. 25-536 (DWF/SGE) (Doc. No. 5) (D. Minn. Feb. 18, 2025) (dismissing "nearly incomprehensible" complaint that is "plainly frivolous"); *Gilberti v. United Nations*, No. 1:24-cv-06083-LTS (Doc. No. 19) (S.D.N.Y. January 13, 2025) (denying Plaintiff's request for mandamus relief and dismissing the action for failure to state a claim; finding that defects in the complaint "cannot be cured with an amendment").

While a complaint need not contain "magic words," it must contain factual allegations and make plausible the claim for relief. Plaintiff's complaint does not. Moreover, "[t]his Court is not 'required to create [Plaintiff]'s claims for [him],' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a pro se plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Bell v. Tennessee*, No. 1:11-cv-

4

14, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000) (bracket in original)).

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal as frivolous and delusional under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge